```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Expedition Leather LLC

    v.                                          Civil No. 11-cv-588-JL

FC Organizational Products LLC


**ORDER**

Following a telephone conference with the parties, the court denied without prejudice the defendant's motion to dismiss the first amended complaint. <u>See</u> Order of June 21, 2012. As the court informed the parties at the telephone conference, dismissal was not warranted based upon apparent factual disputes as to (a) the authenticity of the Terms and Conditions containing the forum selection clause upon which the motion was premised and (b) whether plaintiff ever agreed to those Terms and Conditions. Because, however, the applicability of the forum selection clause is a threshold issue that affects the appropriateness of venue in this district, the parties agreed at the conference to a process by which this issue would be resolved expeditiously.

**The parties' agreement is embodied in their stipulation of June 29, 2012 (document no. 17), which the court herewith approves.** The parties may conduct preliminary discovery as set forth in the stipulation, strictly limited to issues concerning the authenticity and applicability of the Terms and Conditions.

Should any discovery disputes arise, they will be handled in accordance with this court's typical discovery dispute resolution procedure.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with opposing counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

The court will conduct an evidentiary hearing regarding the applicability of the forum selection clause on **August 28, 2012 at 10:00 a.m.**.  On or before **August 21, 2012,** the parties shall jointly file:

- a **single** statement of agreed facts; and

- a **single** timeline setting forth all pertinent dates, times, and events, in whatever format the parties jointly choose (in other words, the parties need not comply with Local Rule 5.1(a) with respect to the timeline).

Counsel shall confer, in person or by telephone, in a good-faith effort to identify all areas of agreement and to make the statement of agreed facts and timeline as comprehensive as possible, so that the hearing testimony can focus on matters truly in dispute.

By **August 23, 2012,** each party shall also separately file pretrial statements in accordance with Fed. R. Civ. P. 26(a)(3), which shall include:

- a witness list;
- an exhibit list; and
- proposed findings of fact and rulings of law (with supporting authority, if available).

Counsel shall confer before the hearing to identify all areas of agreement and disagreement as to the admissibility of each exhibit.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: July 3, 2012

cc: Philip H. Graeter, Esq.
    Jesse I. Redlener, Esq.
    Jennifer Turco Beaudet, Esq.