UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Expedition Leather LLC</u>

    v.                                              Civil No. 11-cv-588-JL

<u>FC Organizational Products LLC</u>

**<u>PROCEDURAL ORDER</u>**

Plaintiff Expedition Leather LLC filed suit against FC Organizational Products LLC ("FCOP") in this court, asserting state-law claims for breach of contract and unjust enrichment. It subsequently amended the complaint without adding any claims or defendants. The sole basis for this court's jurisdiction invoked in both iterations of the complaint is diversity of the parties. See 28 U.S.C. § 1332(a)(1). Both iterations allege that (1) Expedition is a New Hampshire limited liability company with its principal place of business in this state; and (2) FCOP is a Utah limited liability company with its principal place of business in that state.

For purposes of diversity jurisdiction, these allegations do not identify the parties' citizenship. Limited liability companies like the parties here are deemed to be citizens of the same states as each of their members, not the states in which they are registered or have their principal places of business. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011). Neither version of the complaint, nor

any other filing in this action, contains any information regarding the citizenship of the members of either party.

Based upon the information currently before it, then, the court cannot be certain of the citizenship of either of the parties to this action. If any one of Expedition's members is a citizen of the same state as any one of FCOP's members, the parties will be deemed citizens of the same state, see id., and the court will, of course, lack diversity jurisdiction. Alvarez-Torres v. Ryder Memorial Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009). And, because the "limited jurisdiction" of federal courts may not "be expanded by judicial decree," Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994), this court is "duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte," Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011).

Accordingly, no later than **November 19, 2012**, counsel for Expedition shall file an affidavit of jurisdictional facts with the court. The affidavit shall describe, to the best of Expedition's knowledge or belief, the identities and place of citizenship of all its members, as well as the identities and place of citizenship of all of FCOP's members. In determining the place of citizenship of the parties' members, Expedition is reminded that, if any of those members are themselves LLCs or unincorporated entities, then the citizenship of each of the

members or partners of those entities must also be determined. D.B. Zwirn, 661 F.3d at 126-27.  If FCOP contests any of the facts set forth in the affidavit, it shall inform the court within seven days of Expedition's filing.

    Failure to comply with this order will result in dismissal of the case for failure to show subject-matter jurisdiction.

    **SO ORDERED.**

                                                         Joseph N. Laplante
                                                          United States District Judge

Dated:  November 5, 2012

cc:   Philip H. Graeter, Esq.
     Jesse I. Redlener, Esq.
     Jennifer Turco Beaudet, Esq.