UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE


Expedition Leather LLC

     v.                                   Civil No. 11-cv-588-JL

FC Organizational Products LLC


**SCHEDULING ORDER**

A Preliminary Pretrial Conference was scheduled for May 6, 2013. As the parties failed to file a timely discovery plan as required by Federal Rule of Civil Procedure 26(f), the court cancelled the conference, which is otherwise required by Local Rule 16.1(a), and now issues this scheduling order. In light of this order, the parties' proposed discovery plan (document no. 45), which was filed late, is denied as moot.

**Case schedule.** This case will be assigned to the expedited track. In accordance with that assignment, the following deadlines shall apply:

| Scheduling Designation | Deadline |
|---|---|
| **Mandatory Disclosures** | May 20, 2013 |
| **Disclosure of Claims Against Unnamed Parties**[1] | May 20, 2013 |
| **Joinder of Additional Parties** | June 21, 2013 |
| **Third-Party Actions** | June 21, 2013 |

---

[1]If a defendant/counterclaim defendant claims that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), that defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than this date.

| Scheduling Designation | Deadline |
|---|---|
| **Amendment of Complaint/Counterclaim** | June 21, 2013 |
| **Amendment of Answer/Answer to Counterclaim** | July 12, 2013 |
| **Motions to Dismiss** | July 12, 2013 |
| **Plaintiffs' Expert Disclosures** | August 9, 2013 |
| **Defendants' Expert Disclosures** | August 30, 2013 |
| **Expert Report Supplementation** | September 13, 2013 |
| **Completion of Discovery**[2] | October 4, 2013 |
| **Mediation Date** | October 4, 2013 |
| **Motions for Summary Judgment** | October 18, 2013 |
| **Expert Challenges** | November 22, 2013 |
| **Jury Trial Date** | March, 2014 |

**Discovery limitations**. A party may serve a maximum of 25 requests for production under Federal Rule of Civil Procedure 34, and a maximum of 25 requests for admission under Federal Rule of Civil Procedure 36, to any other party. Responses are due 30 days after service unless otherwise agreed to by the parties.

---

[2]The discovery completion deadline is the deadline by which discovery shall be completed--not the deadline by which discovery shall be served. Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline. Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the discovery completion deadline, the recipient need not provide a response.

Each party may take a maximum of 5 depositions, which shall be limited to a maximum of 7 hours each, unless otherwise agreed to by the parteis.  All other limitations on discovery set forth in the Federal Rules of Civil Procedure shall apply.

    **Summary Judgment.**  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

    **Oral argument on dispositive motions.**  Counsel and the parties should anticipate that oral argument will be held on all dispositive motions.  Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

    **Discovery disputes.**  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible. If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge. Such referral requests will normally be granted. If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: May 10, 2013

cc: Philip H. Graeter, Esq.
    Jesse I. Redlener, Esq.
    Jennifer Turco Beaudet, Esq.